CURTIS H. MUNCIE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 35472. Promulgated August 6, 1952.

*John E. Hughes, Esq.,* and *Harold R. Burnstein, Esq.,* for the petitioner.

*Paul M. Stewart, Jr., Esq.,* for the respondent.

OPINION.

HILL, *Judge:* The parties disagree first of all as to the existence of the loss. Our finding as to the existence of the theft is dispositive of this question.

The respondent objects to the condition of the petitioner's proof and intimates on brief that it would be possible for a taxpayer to fabricate a story such as that before us in order to place a trip to Mexico "on a paying basis." However, the petitioner's evidence is sufficient to support his case for a deduction for theft under the pro-

visions of section 23 (e) (3) of the Code. The respondent, upon cross-examination, was unable to discredit the petitioner's testimony and failed to offer any independent proof discrediting the petitioner's evidence.

Whether a loss by theft occurred depends upon the law of the jurisdiction wherein it was sustained. *Morris Plan Co. of St. Joseph,* 42 B. T. A. 1190. The swindlers here obtained the petitioner's money by deceit, trickery, and forgery, which amounted to theft under the Mexican law. This is the controlling fact and the exact nature of the crime, whether larceny or obtaining money under false pretenses, is of little importance.

The respondent argues that, admitting the loss by theft, the petitioner is not entitled to a deduction under the provisions of section 23 (e) (3) for the reason that to permit the loss would contravene public policy. This reasoning is based upon the respondent's contention that the petitioner here was involved in an illegal scheme. We have no evidence before us to support the respondent's position that the petitioner was involved in any illegal scheme. Respondent failed to introduce any evidence of the law of Mexico upon this point and had he done so we are not certain that his position could be sustained. Section 23 (e) (3) and its accompanying regulations do not prohibit a deduction otherwise allowable by reason of theft on the grounds that to allow the deduction would violate or frustrate public policy. See *Lilly* v. *Commissioner,* 343 U. S. 90.

We therefore hold that the petitioner is entitled to deduct $8,500 as a loss incurred by theft under the provisions of section 23 (e) (3) of the Internal Revenue Code.

*Decision will be entered under Rule 50.*